CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 10 2007

JOHN F. CORCORAN, CLERK
BY: /s/ J. Hugh
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RICKEY MCCOY THOMAS,** | ) | |
| | ) | Civil Action No. 7:03-CV-00756 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ROANOKE ELECTRIC STEEL CORPORATION,** | ) ) | |
| | ) | By: James C. Turk |
| Defendant. | ) | Senior United States District Judge |

The Defendant in the above captioned matter has filed a motion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure to dismiss the Plaintiff's claims for failure to comply with these rules and an order of the court. Having considered the Defendant's motion together with the briefs and oral arguments of both parties, the court concludes that dismissal is warranted. Accordingly, the court will grant the Defendant's motion.

**I.**

In November of 2003 the Plaintiff, proceeding pro se, filed a complaint instituting the above captioned matter. The Defendant filed an answer in December of 2003. No docket activity occurred over the following nine months, until in September of 2004 the court scheduled a pre-trial conference in order to establish a schedule for motions and set a trial date.

After the conference the docket remained relatively inactive; the court scheduled another conference in October of 2005. Prior to this hearing the court received a motion from the Defendant to compel the Plaintiff to respond to various requests for discovery that had previously gone unanswered. The court granted this motion.

In March of 2006 the Defendant scheduled a deposition of the Plaintiff. According to the copy of the deposition notice filed with the court, the deposition was scheduled to take place on

April 7, 2006, beginning at 9:00 AM. At or around 9:00 AM that day the Plaintiff informed defense counsel via telephone that he had been unsure about the time at which the deposition was to begin; he indicated that he could not arrive until 10:00 or 11:00 A.M. The parties then agreed to reschedule the deposition for May 5, 2006.

The Plaintiff arrived on time for the May 5 deposition, but without giving defense counsel notice in advance, the Plaintiff left the deposition in the early afternoon, before the seven hours contemplated by Rule 30(d)(2) of the Federal Rules of Civil Procedure had passed. The Plaintiff indicated that he left to go to work.

In July of 2006 the Defendant moved for an order compelling the Plaintiff to complete his deposition. The court granted this motion in September of 2006 and the parties scheduled a time to complete the Plaintiff's deposition for November 10, 2006. The day of the deposition the Plaintiff informed defense counsel that he would not appear because he was attending a relative's funeral. The parties rescheduled the deposition for November 20, 2006. That day the Plaintiff informed defense counsel that he would not appear because he had been employed to drive to Alabama that weekend and had not been able to return to Roanoke in time.

On January 1, 2007, the Defendant filed a motion pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, claiming that the Plaintiff's inability or unwillingness to complete discovery warrants dismissal of his claims.

## II.

The Court of Appeals for the Fourth Circuit cautions that "[a] dismissal with prejudice under Rule 41(b) is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." Herbert v. Saffell, 877 F.2d 267, 269 (4th Cir. 1989). This court must consider four factors in deciding whether Rule 41(b) dismissal is appropriate as a sanction: 1) the degree of personal responsibility of the plaintiff; 2) the amount

of prejudice caused the defendant; 3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion; and 4) the existence of sanctions less drastic than dismissal. Id. at 270.

As to the first factor in this case, the responsibility for the Plaintiff's failure to complete his deposition is his own. As a pro se litigant, he bears the sole responsibility for his litigation conduct. Cf. McCargo v. Hedrick, 545 F.2d 393, 395 (4th Cir. 1976) (finding Rule 41(b) dismissal inappropriate where, among other things, there was "no indication in the record that [the plaintiff] was personally responsible for *her lawyer's* delay" (emphasis added)). This is not a case where the Plaintiff's pro se status could mitigate his responsibility for his failure to complete his depositions. The Plaintiff not only had notice of each scheduled date and time, he personally participated in and agreed to the scheduling of his deposition each time.

The second factor concerns the prejudice suffered by the Defendant. At the hearing on its motion, the Defendant estimated that the costs and attorneys fees incurred in preparing to take and appearing for the Plaintiff's deposition on multiple occasions exceed several thousand dollars. This estimate strikes the court as reasonable. These costs are particularly troubling because to a large extent they could have been avoided if the Plaintiff had simply given the Defendants advance notice of his non-appearance rather than waiting, on each occasion, until the day the deposition was scheduled. Further, the Plaintiff's conduct has unnecessarily drawn out the discovery process, prejudicing the Defendant's interest in resolving the matter quickly.

The third factor concerns the Plaintiff's history of deliberately proceeding in a dilatory fashion. The Plaintiff's conduct has prompted this court to issue multiple orders compelling discovery. He has made obtaining his own deposition—a routine matter in most cases—into a year-long costly battle for the Defendant. Even after this court issued an order compelling him to complete his deposition, the Plaintiff twice failed to show up at the times upon which he and the

Defendant mutually agreed. Although he claims an excuse for each time he failed to appear as scheduled, he offers no excuse for why he did not notify the Defendant in advance of his non-appearance any of these times.

The court must also consider the existence of sanctions less drastic than dismissal. The most obvious possibility is an award of costs and attorneys' fees to the Defendant in the amount incurred in preparing to take his deposition. The Plaintiff, however, indicated that he could not presently afford to pay this amount, and that it might take many years for him to do so. Such an award, therefore, would probably not be particularly effective either to hold the Plaintiff accountable for his conduct or to compensate the Defendant for its costs. Furthermore, because the Plaintiff twice failed to appear in order to complete his deposition even after this court entered an order compelling him to do so, the court does not believe that either sanctions or further orders are likely to be effective in motivating the Plaintiff to do what the law requires of him.

Although dismissal is a harsh sanction properly reserved for extreme cases, McCargo, 545 F.2d at 397, the unique circumstances of this case make it one of the few in which the need to prevent delay outweighs the strong preference for deciding cases on their merits. Id. Accordingly, the court will grant the Defendant's motion to dismiss.

The Clerk of Court is directed to send certified copies of this Order to the Plaintiff and all counsel of record.

ENTER: This __10th__ day of April, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE